## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 9:18-cv-80571-DMM/DLB

**ALL WEB LEADS, INC.,**
**a Delaware corporation,**

      **Plaintiff,**

**v.**

**ANTHONY D'AMICO, an individual,**
**MICHELLE DENTON, an individual,**
**FUEL AVENUE, INC., a Florida Corporation,**
**BEST RATE HEALTHCARE, INC., a**
**Florida Corporation, GUSTAVO PENA, an**
**individual, MANUEL SILVA, an individual,**
**JESEL E. SILVA, an individual, MAEDIA**
**GENIX, CORP., a Florida Corporation,**
**FLOVALUE, CORP., a Florida Corporation,**
**and FLOWVAL, CORP., a Florida Corporation,**

      **Defendants.**

_____/

### PLAINTIFF ALL WEB LEADS, INC'S MOTION TO COMPEL DEPOSITION OF DEFENDANT ANTHONY D'AMICO AND FOR SANCTIONS FOR FAILURE TO APPEAR AT DEPOSITION AND INCORPORATED MEMORANDUM OF LAW

Plaintiff All Web Leads, Inc. ("AWL"), pursuant to Fed. R. Civ. P. 37(a)(3) and 37(d), moves this Court for an order to compel the deposition of Defendant Anthony D'Amico ("D'Amico") and sanction D'Amico for his failure to attend his properly noticed and agreed upon deposition, and states as follows:

### FACTS

Plaintiff AWL served Defendant D'Amico with notice of his October 30, 2018 deposition on October 17, 2018. That date was agreed upon by counsel for both AWL and D'Amico, after extended delays from D'Amico of providing dates of availability for deposition. Defendant D'Amico's counsel had warned several times that D'Amico would appear, but that he intended to

plead the Fifth Amendment to almost every question asked by AWL, as Defendant D'Amico is subject to a federal indictment related to the facts surrounding this civil matter.  On October 30, 2018, Defendant D'Amico failed to appear at his scheduled and agreed upon deposition.  D'Amico's counsel was present and claimed that D'Amico's criminal attorney had advised D'Amico not to appear for his deposition.  AWL obtained a certificate of non-appearance from the court reporter.  <u>See</u> Exhibit 1 attached hereto.  AWL had two trial attorneys attend this very important deposition, both of whom drove to and from (three hours each round trip) Miami, Florida to be present.  Defendant D'Amico's deposition is key to not only proving AWL's case against D'Amico, but also against his entities, Defendants Fuel Avenue, Inc. ("Fuel Avenue") and Best Rate Healthcare, Inc. ("Best Rate"), as well as his fiancé Defendant Michelle Denton, who also failed to appear for her properly noticed and agreed upon deposition.[1]

## LEGAL MEMORANDUM

Defendant D'Amico failed to appear for his properly noticed and agreed upon deposition in this matter.  The Federal Rules of Civil Procedure and this Court's Local Rules do not condone such discovery abuses.

A party denied rightful discovery may move for an order compelling disclosure or discovery.  *See* Rule, 37(a)(1), Fed. R. Civ. P.  Federal Rule of Civil Procedure, Rule 37(d)(1)(A), states that "[t]he Court . . . may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent-or a person designated under Rule 30(b)(6) or 31(a)(4) - fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d). Rule 37(d)(2) further provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the

---

[1] AWL is filing a separate motion to compel deposition of Michelle Denton and for sanctions. Defendants D'Amico, Denton, Fuel Avenue, and Best Rate are all represented by one attorney.

*All Web Leads, Inc. v. Anthony D'Amico, et al.*
Case No. 9:18-cv-80571-DMM/DLB

ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c). *Id.*

Moreover, Rule 37(d)(3) provides that the court may impose the following sanctions for a party's failure to permit discovery: (i) the court may order that designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) the court may prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) the court may strike pleadings in whole or in part; (iv) the court may stay further proceedings until the order is obeyed; (v) the court may dismiss the action or proceeding in whole or in part; and (vi) the court may render a default judgment against the disobedient party. *Id.*

Rule 37(d)(3) further provides that "[i]nstead of or in addition to [the aforementioned] sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Defendant D'Amico has not provided any valid basis for his failure to appear at the subject deposition and, more importantly, he did not file a motion for protective order in this case as required by Rule 37(d). Thus, it is clear that Defendant D'Amico is attempting to delay this action and deny AWL the right to conduct crucial discovery in order to prove its case against Defendants Denton, D'Amico, Fuel Avenue, and Best Rate.

Defendant D'Amico's flagrant delay tactics coupled with the fact that the dispositive motions deadline and trial date in this matter are fast approaching warrants that the Court impose Rule 37(d) monetary sanctions against D'Amico and a sanction either striking D'Amico's defenses to AWL's Complaint or entering a default against D'Amico in this cause. *See Hashemi v. Campaigner Publ'ns, Inc.*, 737 F.2d 1538 (11th Cir. 1984) (dismissing plaintiff's claims for failure

*All Web Leads, Inc. v. Anthony D'Amico, et al.*
Case No. 9:18-cv-80571-DMM/DLB

to appear at scheduled depositions); *Bona-venture v. Butler*, 593 F.2d 625 (5th Cir. 1979) (plaintiff's suit dismissed for refusals to appear for scheduled depositions); *see also Mishkin v. Jeannine Gurian Trust Number One*, No. 06-80489-CIV, 2008 WL 708733, at *3 (S.D. Fla. Mar. 14, 2008) (entering defaults against defendants under Rule 37 for failure to attend their depositions); *Shawmut Boston Int'l Banking Corp. v. Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985) (upholding a default sanction entered under Rule 37 where a party acted in bad faith to delay a collection action).

**WHEREFORE**, Plaintiff AWL respectfully requests that this Court grant this Motion, compel Defendant D'Amico's deposition, award AWL its requested sanctions, and award such further relief as the Court deems just and proper.

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. Counsel for D'Amico has stated D'Amico's criminal attorney, who has not appeared in this case, advised him not to attend a civil deposition.

Dated: October 31, 2018

Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131
Telephone: (305) 567-5576
Facsimile: (305) 567-9343

*All Web Leads, Inc. v. Anthony D'Amico, et al.*
Case No. 9:18-cv-80571-DMM/DLB

By: /s/ Andrea L. Bos
Andrea Bos, Esq. FBN: 0125359
alb@assoulineberlowe.com
Peter E. Berlowe, Esq. FBN: 143650
peb@assoulineberlowe.com

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160
Boca Raton, Florida 33431
Telephone: (561) 361-6566
Facsimile: (561) 361-6466
Peter A. Koziol, Esq. FBN: 030446
pak@assoulineberlowe.com

Attorneys for Plaintiff,
All Web Leads, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF

on this day October 31, 2018 on all counsel or parties of record on the service list indicated below:

### SERVICE LIST

Leon N. Patricios, Esq.
Martha M. Esperon, Esq.
ZUMPANO PATRICIOS & WINKER, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Tel:    305-444-5565


Justin C. Carlin, Esq.
Carlin Law Firm
Victoria Park Centre
1401 E. Broward Boulevard, Suite 101
Fort Lauderdale, Florida 33301
Tel:    954-440-0901

By: /s/ Andrea L. Bos